**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **INDIAN HARBOR INSURANCE CO.,**<br>   Plaintiff,<br>vs.<br>**J. ROCKCLIFF REALTORS** *et al*.,<br>   Defendants. | **Case No.: 11-CV-05499 YGR**<br>**ORDER DENYING MOTION OF DEFENDANTS FOR ABSTENTION** |

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") brings this action for Declaratory Relief seeking a declaration that it is not obligated to defend or indemnify its insureds, J. Rockcliff Realtors, Judy Bradley, Robert Combs, and Margaret Combs ("Insureds") in a state court lawsuit brought by Jennifer St. Louis, Richard Gaushell, Aiden Gaushell, Harrison Gaushell, and Miles Gaushell through Guardian *ad Litem* Richard Gaushell ("Tenants"). Indian Harbor seeks three declaratory judgments, that coverage under the insurance policy is excluded for claims based on (1) bodily injury; (2) property damage; and/or (3) fungi. Plaintiff alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The Tenants have filed a "Motion for Declaratory Relief Abstention, Stay, Remand and/or Dismissal," Dkt. No. 18 ("Defs.' Mot."), on the grounds that the Court should exercise its discretion to decline jurisdiction over this declaratory judgment action.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on May 22, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 22, 2012.

## I. BACKGROUND

In October of 2008, the Tenants moved into a residential property owned, operated, and/or managed by the Insureds. After the Tenants allegedly began experiencing health problems, they allegedly discovered toxic mold and/or fungi at the residential property and thereafter requested remediation. After the Insureds allegedly failed to take remedial action, the Tenants vacated the property on April 26, 2009.

On January 24, 2011, the Tenants filed the underlying state court lawsuit against the Insureds in the Contra Costa County Superior Court, *St. Louis et al. v. Wong et al.*, Case No. MSC11-00184. The Tenants allege that the residential property was uninhabitable and seek compensation from the Insureds for ongoing health problems, damages to personal property, and consequential damages.[2] Indian Harbor denied coverage for its Insureds for the underlying lawsuit on March 6, 2011 and filed this lawsuit under the Declaratory Judgment Act, 28 U.S.C. § 2201, on November 14, 2011.

## II. DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Indian Harbor filed this declaratory judgment lawsuit to adjudicate whether it owes a duty to defend and indemnify its insured in the underlying liability action proceeding in state court. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00.[3] Because the exercise of jurisdiction under the Act is not compulsory, even when a district court clearly has jurisdiction under the Declaratory Judgment Act, it may decline, in its discretion, to exercise that jurisdiction if it determines that declaratory relief is not appropriate. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491,

---

[2] The Tenants allege twelve state law causes of action: (1) General Negligence; (2) Negligence *Per Se*; (3) Premises Liability; (4) Breach of Warranty of Habitability and Implied Warranty of Habitability; (5)Breach of Contract; (6) Negligent Failure to Disclose Latent Defects; (7) Negligent Failure to Perform Covenant to Repair; (8) Negligent Repair; (9) Negligent Training; (10) Nuisance; (11) Fraud; (12) and Negligent Misrepresentation.

[3] In their Reply, the Tenants argue that the Court lacks subject matter jurisdiction because there is no federal question. *See* Dkt. No. 22, ("Reply"), at 2-3. The Tenants ignore that diversity jurisdiction provides a separate and independent basis for federal jurisdiction. 28 U.S.C. § 1332.

494 (1942).

The Tenants argue that this Declaratory Judgment action should be stayed and/or dismissed based on the six factor test set forth in *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*").  Defs.' Mot. 5-10.  Abstention pursuant to the terms of the Declaratory Judgment Act is governed by a different, but related, standard, set forth in *Brillhart*. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (explicitly rejecting the use of the *Colorado River* test for a § 2201(a) analysis).  That said, the Court will consider the parties' arguments under the *Brillhart* factors.

In *Brillhart*, the Supreme Court instructed district courts to consider the following factors when deciding whether to exercise its discretion under the Declaratory Judgment Act: "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to proceed in that proceeding, etc."  316 U.S. at 495.  These factors are not exhaustive and the Ninth Circuit has suggested other factors, such as whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring) ("First, and foremost in my opinion, the district court should determine whether the federal and state cases are parallel")).

The Tenants' motion is premised upon the claim that since another lawsuit is pending in state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment action in the federal court is not warranted.[4]  This premise is flawed; Indian Harbor is not a party to the underlying lawsuit and the scope of coverage under the insurance contract is not at issue in that lawsuit.  Absent a declaratory judgment, Indian Harbor must either (1) provide a defense to its insured even though it believes no such obligation exists; or (2) risk being sued for breach of contract for failure to defend and/or indemnify.  Accordingly, the Court will exercise its

---

[4] In their Reply, the Tenants also argue the merits of this action as a reason for abstention.  As this is not a factor under the *Brillhart* test or the subsequent caselaw, the Court refrains from such an analysis here.

discretion under the Declaratory Judgment Act.

### III. CONCLUSION

Based on the foregoing analysis, the "Motion for Declaratory Relief Abstention, Stay, Remand and/or Dismissal" is **DENIED**.

This Order Terminates Docket Number 18.

**IT IS SO ORDERED.**

Date: May 10, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**